CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 1 7 2005

JOHN F. CORCORAN, CLERK
BY: _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **VICTOR DE LA CRUZ HOENES,** | ) | |
| | ) | **Civil Action No. 7:05-CV-00061** |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | **By: Samuel G. Wilson** |
| **Respondent.** | ) | **United States District Judge** |

Petitioner Victor De La Cruz Hoenes[1] has filed this 28 U.S.C. § 2255 motion challenging his 50-month sentence for re-entering the country after having been deported. Hoenes maintains that his sentence was illegally enhanced in violation of the rule enunciated in <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (June 24, 2004), that his counsel was ineffective, that the court violated the Speedy Trial Act by allowing him to waive his right to have an indictment filed, and that he did not voluntarily and knowingly enter his guilty plea. This matter is before the court on the Respondent's motion to dismiss. The court finds that Hoenes knowingly and voluntarily waived his right to collaterally attack his sentence and accordingly grants the respondent's motion to dismiss.

## I.

A grand jury indicted Hoenes on one count of re-entering the country after having been deported. Hoenes pled guilty pursuant to a signed plea agreement. During the plea colloquy, Hoenes, among other things, stated under oath that he had received a copy of the indictment, that he had discussed the charges and his case with counsel, that he was fully satisfied with his counsel's representation, that his attorney had read the entire plea agreement to him before he

---

[1] Also known as Victor Waldemar Hoenes-De La Cruz.



signed, that he understood everything in the agreement, that no one had made any other or different promises or assurances to him to induce entry of the plea, that no one had forced him to enter the guilty plea, that he understood the maximum penalties for the offenses charged, that he was waiving his right to collaterally attack his sentence, and that his plea was knowing and voluntary. Finding that Hoenes was fully competent and capable of entering an informed plea and that Hoenes' guilty plea was knowing and voluntary, the court accepted his plea. Ultimately, the court sentenced Hoenes to 50 months. Hoenes appealed, claiming that the court had erred in computing his criminal history points, but he Fourth Circuit affirmed. Hoenes then filed the current petition.

## II.

A waiver of the right to collaterally attack a conviction or sentence is valid so long as it is voluntarily and knowingly made. U.S. v. Lemaster, 403 F.3d 216, 220-223 (4th Cir. 2005). Thus, so long as Hoenes' plea agreement and the accompanying waiver of collateral attack were knowing and voluntary, Hoenes may not raise his claims in a § 2255 petition. Hoenes claims, though, that his plea agreement and waiver were not knowing and voluntary and that he entered them as a result of his attorney's ineffective assistance and his own lack of understanding of the plea provisions. These claims contrast sharply with those Hoenes made during his plea colloquy, when he affirmed that he completely understood the terms of the plea agreement, that he was entering the plea knowingly and voluntarily, and that he was completely satisfied with his attorney's representation. Therefore, the court finds Hoenes' challenges to his plea to be "palpably incredible and patently frivolous or false." Id. at 222-23. Hoenes' waived his right to

2

collaterally attack as part of a knowing and voluntary plea agreement;[2] accordingly, the court dismisses his § 2255 petition.

### III.

For the reasons stated, the court grants the respondent's motion to dismiss.

**ENTER**: This _17th_ day of June, 2005.

_____
UNITED STATES DISTRICT JUDGE

---

[2]Moreover, Hoenes did not challenge the intelligence and voluntariness of his guilty plea on direct appeal, so he may not raise those issues on collateral review. See Bousley v. U.S., 523 U.S. 614, 621 (1998).

3